**UNITED STATES of America**

v.

**Stanley A. STEVENSON.**

**Cr. No. 1180–58.**

United States District Court
District of Columbia.
Feb. 10, 1959.

John W. Kern, III, Asst. U. S. Atty., Washington, D. C., for United States.

Ewing LaPorte, Washington, D. C., for defendant.

KEECH, District Judge.

This case is before the court on a "motion to dismiss the indictment for lack of jurisdiction, for prejudicial error in the institution of the prosecution, for prejudicial error in the conduct of the prosecution, and for * * * [defendant's] * * * unlawful detention in jail."

Summarizing the facts upon which defense counsel relies:

The defendant is a sixteen-year-old boy. Since November, 1956, he has been a ward of the Department of Public Welfare, but at the time of the offense here charged he was on probation and living with his mother. On November 13, 1958, at about 11:30 p. m., he was arrested on the street by police who had responded to a complaint that a prowler had been hanging around the area for several hours. The defendant was taken to the Third Precinct station house, where he was questioned. The police placed no charge against him and called his mother to come and take him home. There is a dispute as to exactly what occurred after his mother arrived at the precinct, but the defendant is alleged to have assaulted one of the officers in the precinct at about 12:30 a. m. on November 14 in the mother's presence. Later that day the defendant was transferred by the Juvenile Court authorities to the Receiving Home. On December 3, 1958, the Director of Social Work for the Juvenile Court made a report to the Judge of that Court, summarizing the defendant's prior juvenile record and history and recommending that jurisdiction of the case be waived and the matter referred to the United States District Court. The Judge of the Juvenile Court, on December 4, 1958, noted his approval of the recommendation and on December 5, 1958, signed a formal order of waiver.

Thereupon, also on December 5, the officer filed a complaint in this Court, and the defendant was brought before the United States Commissioner for a preliminary hearing. The Commissioner's record shows that the defendant, after being advised of his rights, waived preliminary hearing and was remanded to the District Jail, being unable to make bond, set at $3,000. On December 15, 1958, the Grand Jury returned an indictment against defendant for assault upon a member of the police force. On December 19, 1958, the defendant was arraigned and pleaded not guilty. He was not represented by counsel either before the United States Commissioner or before the Court at time of arraignment. On the latter occasion the defendant stated to the presiding judge that his mother was supposed to come there with an attorney. After informing the defendant that counsel would be appointed for him if an attorney failed to file a formal appearance in his behalf within ten days, the court proceeded with the arraignment and permitted him to plead not guilty. On January 5 the court appointed present counsel to defend.

On January 28, defense counsel filed the instant motion to dismiss the indictment in this criminal action, and simultaneously filed a petition for habeas corpus (H.C. 9–59), based upon the same contentions as his motion to dismiss. By order of February 4, 1959, Judge McGuire of this Court dismissed the petition for habeas corpus, having ruled that any defect in the proceedings in the Juvenile Court was moot inasmuch as the petitioner had been indicted. In his memorandum he suggested that a motion to dismiss might lie upon the basis of double jeopardy, citing United States v. Dickerson, D.C.D.C., 168 F.Supp. 899, Holtzoff, J., although he expressed no opinion with reference thereto.

The issues raised by the motion to dismiss, argued at length at the hearing on the motion, are: (1) whether this Court lacked jurisdiction to indict because of alleged invalidity of the Juvenile Court's waiver of jurisdiction; (2) whether the proceedings in the Juvenile Court and the proceedings in this Court constitute double jeopardy; and (3) whether this Court has lost jurisdiction, if validly acquired, because of lack of constitutional procedural due process and denial of ef·

fective assistance of counsel in the District Court proceedings.

In support of his first point counsel for defendant argues that the Juvenile Court Judge did not comply with the statute authorizing waiver (D.C.C. Sec. 11–914), which provides:

"If a child sixteen years of age or older is charged with an offense which would amount to a felony in the case of an adult, or any child charged with an offense which if committed by an adult is punishable by death or life imprisonment, the judge may, after full investigation, waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult; or such other court may exercise the powers conferred upon the juvenile court in this Act in conducting and disposing of such cases."

Counsel does not challenge that the case is one in which the Juvenile Court Judge has discretion to waive jurisdiction "after full investigation", since the defendant is sixteen years of age and the offense with which he is charged would amount to a felony if committed by an adult. Counsel contends, however, that the Juvenile Court records show that the Judge did not make the "full investigation" prerequisite to exercise of his discretion to waive but, on the contrary, that he merely approved the recommendation of the Juvenile Court's Director of Social Work, based upon his summary of defendant's juvenile record, which counsel characterizes as misleading and inaccurate. Counsel further contends that the waiver in this case was not an exercise of discretion upon consideration of the merits of the individual case, but was pursuant to a general policy, publicly announced by the Juvenile Court Judge and widely publicized in the press a short time before the waiver in this case, to the effect that he intended to waive jurisdiction in all cases where he could, because of the heavy burden of work under which he was laboring unassisted. Counsel urges further that no hearing was held by the Juvenile Court on the question of waiver of jurisdiction and that the defendant did not have the assistance of counsel in connection with the waiver. Counsel argues that if the waiver was invalid, this Court was without jurisdiction to indict, hence the indictment must be dismissed.

■ It is the view of this court that D.C.C. Sec. 11–914 does not require, as a prerequisite to waiver, that the Juvenile Court Judge personally make the "full investigation" prescribed by the statute, but that the only requirement is that the judge be fully advised of relevant facts, by such means as are available to him through the various branches of the Court, so that he may intelligently exercise his discretion. To construe the statute otherwise would place an undue and unnecessary burden upon the judge, would be of little or no advantage to the child whose case is under consideration, and would inure to the detriment of other youngsters by denying them adequate and timely consideration by the judge.

■ The statute does not provide for a hearing on the question of waiver. There is no reason to take the phrase "full investigation" at other than its face value. A requirement that there be an investigation carries with it no command that a quasi-judicial or judicial hearing be conducted. Jordan v. American Eagle Fire Ins. Co., 1948, 83 U.S. App.D.C. 192, 196, 169 F.2d 281, 285. An "investigation" can be conducted on an *ex parte* basis. National Labor Relations Board v. Sharples Chemicals, 6 Cir., 1954, 209 F.2d 645, 651. Since no hearing is required with reference to waiver, there is no occasion for the juvenile to be represented by counsel at that stage of the case.

■ This court recognizes that the decisions in Shioutakon v. District of Columbia, 1956, 98 U.S.App.D.C. 371, 236 F.2d 666, 60 A.L.R.2d 686, and McBride v. Jacobs, 1957, 101 U.S.App.D.C. 189, 247 F.2d 595, emphasize the child's right

to counsel and the necessity for a finding of intelligent waiver of counsel in all Juvenile Court proceedings, including preliminary conferences. In the instant case, however, the waiver of jurisdiction by the Juvenile Court eliminated any and all adversary proceedings against the child in that Court in which he would have had the right to be represented by an attorney.

It is admitted by defense counsel that, if there has been compliance with the procedural requirements of the statute, in order to sustain the challenge of waiver it must be shown that the Juvenile Court Judge's act of waiving jurisdiction in the case was arbitrary and capricious. Counsel concedes that a prior record of convictions, or the equivalent, in the Juvenile Court is not a condition precedent to waiver, and that waiver might be justified by repeated charges or by other factors relating to the child's history or the nature of the offense.

Before the hearing of the motion to dismiss, all the records of the Juvenile Court concerning the defendant in this case and in five prior cases, including the social records, were made available, by this court's order, to counsel for the defendant, counsel for the government, and the court. Certain of the Juvenile Court records had theretofore been made available for inspection by respective counsel upon Judge McGuire's order in connection with the habeas corpus proceeding.

Counsel for the defendant has pointed out certain discrepancies which he believes to exist between the summary of the defendant's record by the Director of Social Work in his report to the Judge and the underlying records. He urges that the Judge had before him a distorted version of the defendant's history.

▮ Since the hearing on the motion, this court has reviewed carefully all the Juvenile Court files and records. From its perusal of the material in the Juvenile Court records, this court finds that the Judge's waiver of jurisdiction is amply supported not only by the Director's summary, on the face of which the Juvenile Court Judge noted his approval of the recommended waiver, but also by the underlying data prepared at the time of the defendant's several appearances before the Juvenile Court over a period of more than two years, which we can assume the Judge had available to him. The record discloses that the defendant, a very large, physically well-developed sixteen-year-old, a graduate of junior high school, has shown a pattern of assaultive behavior, not limited to mere fisticuffs, but embracing on at least one occasion use of a dangerous weapon. On two occasions he has been found to be in possession of firearms. Reports of the Department of Public Welfare note a hostile and belligerent attitude in defendant, together with lack of control over his aggressive tendencies. Although during certain periods of time he has seemed to make an adjustment, he has demonstrated that he has not learned by experience or accepted advice and that attempts at rehabilitation by employees of the Juvenile Court and Department of Public Welfare have had but superficial and temporary results.

▮ There is a presumption of regularity which attaches to the acts of a public officer on public matters, within his jurisdiction, and where he has a discretion. Wilkes v. Dinsman, 1849, 7 How. 89, 48 U.S. 89, 12 L.Ed. 618. The judge of the Juvenile Court must be presumed to have acted upon the records before him. There has been no showing which overcomes this presumption. Since there is a more than adequate rational basis in those records for his exercise of discretion to waive and that is the only test of whether the action was arbitrary or capricious, it is immaterial whether he may have been motivated in whole or in part by a desire to relieve the Juvenile Court of a part of its burden. Eastern States Petroleum Corp. v. Rogers, D.C.Cir., 265 F.2d 593, Prettyman, C. J. The court therefore concludes that the waiver of jurisdiction by the Juvenile Court was valid, hence the District Court had jurisdiction to indict.

▮ Counsel suggests that the indictment of the defendant in this Court may

constitute double jeopardy, in view of the proceedings in the Juvenile Court, citing United States v. Dickerson, supra. A review of the Juvenile Court records in the instant case reveals nothing which sustains the claim of double jeopardy. The facts in the instant case are clearly distinguishable from those in the Dickerson case, since there was no proceeding before the Juvenile Court similar to arraignment in which this defendant acknowledged his guilt, and no hearing by the court to determine his guilt or innocence. True, the Juvenile Court social record includes a statement that the defendant admitted to the Intake Officer that he had struck the policeman, saying he did so in self-defense, but this does not amount to a plea of guilty before the court. In the Dickerson decision it was held that jeopardy attaches with a plea of guilty at the equivalent of arraignment or with a hearing by the court similar to a trial. The proceedings in the instant case never reached such a plea or hearing. In the Dickerson opinion Judge Holtzoff expressly stated that the result of his ruling in that case in no wise interfered with the statutory authority of the Juvenile Court to waive jurisdiction to the District Court, if exercised after preliminary hearing or *ex parte* investigation and before jeopardy attached. No former jeopardy prevents initial prosecution of the instant case in the United States District Court.

■ As to the alleged violations of procedural due process in the District Court after the waiver of jurisdiction, assuming that the defendant did not intelligently waive preliminary hearing, being without counsel, this does not require dismissal of the indictment. The defendant might have had ground for *habeas corpus* prior to indictment, but even if there were error in the preliminary proceedings, it has now been cured by return of a valid indictment by the grand jury.

■ Nor did prejudice result to the defendant from his lack of counsel at the time of arraignment, inasmuch as the court took a not guilty plea and appointed counsel promptly when it became apparent that he was unable to employ counsel. Even if the first arraignment should be held void, it would not follow that the Court is without jurisdiction to proceed after defendant has obtained counsel. Saylor v. Sanford, 5 Cir., 1938, 99 F.2d 605, certiorari denied 306 U.S. 630, 59 S.Ct. 465, 83 L.Ed. 1032. The remedy would be to re-arraign defendant, which in this case, in view of the defendant's not guilty plea, would serve no useful purpose.

For the foregoing reasons, the motion to dismiss or for alternative relief will be denied.