**Richard L. WILHITE, Appellant**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15688.**

United States Court of Appeals District of Columbia Circuit.

Argued June 28, 1960.

Decided July 14, 1960.

Petition for Rehearing en Banc Denied Sept. 12, 1960.

Mr. John F. Donelan, Washington, D. C., (appointed by this court) for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The District Court denied, without hearing, appellant's fourth motion under 28 U.S.C. § 2255 (1958), to vacate a sentence on a plea of guilty to a charge of second degree murder. Appellant had been indicted for first degree murder growing out of rape of a girl age 25. Appellant was 16 years old at the time.

The Juvenile Court waived jurisdiction to the District Court and a coroner's jury held appellant responsible for the death of the victim. Thereafter a lunacy inquiry was conducted and appellant found to be sane after two days of hearings. While his trial was in progress in the District Court, appellant withdrew his plea of not guilty and entered a plea of guilty of second degree murder; he was given a sentence of 15 years to life.

Appellant was represented by counsel in the District Court proceedings.

Appellant made four motions between 1946 and the present to set aside his plea and the sentences, alleging in general terms first, that he was of unsound mind at the time he made his plea; second, that because he was a juvenile the District Court lacked jurisdiction; third, that the Juvenile Court's waiver of jurisdiction was defective and that he was "forced to enter a plea of guilty against his will." He was given a hearing on his first motion (Mar. 1946), which alleged that his guilty plea was a result of mental incompetency. Thereafter, his other motions were denied without hearing. He did not appeal denial of the first two motions. He sought to appeal but this court denied leave to appeal the third motion.

His fourth motion, now before us, attacks the interrogation processes which occurred before he was sent to Juvenile Court; attacks the waiver of jurisdiction by that court; and attacks the voluntariness of his change of plea during trial as made while appellant was of unsound mind.

No statements made by appellant, if any were made, were used in evidence. Appellant was tried after a lunacy hearing intervened. He was represented by counsel when he withdrew his plea of not guilty to first degree murder and pleaded guilty to second degree murder. It surely cannot be said this was an unwise choice, for it is not contended that appellant did not commit the rape and homicide and the results of the lunacy hearing hardly afford a basis for belief that he lacked ability to understand his action and its consequences.

■ Moreover, the record shows that appellant was afforded a hearing on the voluntariness of his plea in 1946 on his first motion for relief. No appeal was taken from denial of that motion, and no new facts have been adduced since to support further collateral attack. In the interim, two similar motions have been denied. On this record we cannot say the District Court abused its discretion in refusing a further hearing. Smith v. United States, 1959, 106 U.S.App.D.C. 169, 270 F.2d 921; Turner v. United States, 1958, 103 U.S.App.D.C. 313, 258 F.2d 165.

It is argued that D.C.Code, § 11–914 (1951) required that a hearing be held before the Juvenile Court waived jurisdiction and, alternatively, that the Juvenile Court failed to conduct the "full investigation" which appellant says is indispensable to a waiver of jurisdiction.

■ The short answer to these contentions is that no formal hearing is required on a waiver of jurisdiction to the District Court. The statute does not require such a hearing, and we have not intimated to the contrary. Cf. United States v. Dickerson, 1959, 106 U.S.App. D.C. 221, 225, 271 F.2d 487, 491. The investigation called for by the statute is an administrative process within the Juvenile Court; no particular standards are prescribed. The Juvenile Court conducts such investigation as is needed to satisfy that court as to what action should be taken on the question of waiver. See United States v. Dickerson, supra; Pee v. United States, 1959, 107 U.S.App.D.C. 47, 274 F.2d 556; Briggs v. United States, 1955, 96 U.S.App.D.C. 392, 226 F.2d 350; United States v. Stevenson, D.C.1959, 170 F.Supp. 315.

The waiver certificate in this case recites that "after investigation, pursuant to Section 13 of the Juvenile Court Law" jurisdiction was waived. This certificate is regular on its face and the presumption of regularity is reinforced by the passage of 17 years.

More important, however, the appellant did not object in the District Court to the waiver of jurisdiction, at a time when the District Court could have itself applied Juvenile Court standards

and procedures.[1] Appellant's plea of guilty with advice of counsel constituted a further and later acquiescence in the waiver of jurisdiction he now attacks. Finally, appellant raised substantially the same attack on his second motion for relief, denial of which was never appealed.

In these circumstances, denial of appellant's petition 17 years after the offense and after three prior petitions had been acted upon by the District Court was not abuse of discretion. Smith v. United States, supra.

Affirmed.

FAHY, Circuit Judge, concurs in the result.

1. See D.C.Code, § 11–914 (1951), which states "such other court [*i.e.*, the District Court] may exercise the powers conferred upon the juvenile court in this chapter in conducting and disposing of such case."