**UNITED STATES of America**
v.
**Jerry L. GREEN.**
**Crim. No. 147–61.**

United States District Court
District of Columbia.
Dec. 20, 1961.

David C. Acheson, U. S. Atty. for District of Columbia, Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for United States.

Ewing Laporte, Washington, D. C., for defendant.

SIRICA, District Judge.

On October 30, 1961, petitioner filed a "Motion to Dismiss for Lack of Jurisdiction and for Other Relief" apparently invoking the jurisdiction of the Court under Rule 60(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Petitioner moved that the judgment against him be vacated, that the indictment be dismissed and that he be released from custody and, further, that preliminary to a hearing on the merits of his motion, a record of the proceedings by the Juvenile Court of the District of Columbia be filed and reasonable opportunity be given petitioner to examine the record to determine the steps that Court took to acquire jurisdiction over him.

On November 17, 1961, petitioner filed a "Motion for Release under Sec. 2255, Judicial Code, or for Writ of Habeas Corpus," the alternatives both being based upon the allegation that this Court lacked jurisdiction to impose sentence upon him.

It is the contention of petitioner that no petition was filed and no summons issued pursuant to Title 11, § 908 and § 909, respectively, of the D.C.Code (1951 Ed.), and by virtue of this failure, jurisdiction over him was not obtained by the Juvenile Court and, therefore, that that Court lacked power to issue a waiver under Title 11, § 914 of the Code. Petitioner requests the record of the Juvenile Court proceedings because he admittedly is unsure whether his contentions can be substantiated.

█ █ The Court has considered both of petitioner's motions and the opposition thereto filed by the Government. The present record indicates that a "full investigation" was held by the Juvenile Court prior to its waiver of jurisdiction to this Court. The waiver certificate is presumed to be regular. Wilhite v. United States, 108 U.S.App.D.C. 279, 281 F.2d 642 (1960). Such an investigation would include a determination of whether the "*parens patriae*" procedure of the Juvenile Court is desirable or whether the juvenile should be transferred to an adult court with criminal procedures. Pee v. United States, 107 U.S.App.D.C. 47, 274 F.2d 556 (1959). The provisions for petition and summons which petitioner alleges were denied him are a part of the *parens patriae* plan for juvenile offenders. They are unnecessary when this Court has taken jurisdiction and tried an offender when there has been a valid investigation and waiver by the Juvenile Court. Ibid.

The records and files in this case and the cases cited, supra, conclusively show that the defendant is entitled to no relief, and further show that the inquiry requested by petitioner is unnecessary, because this Court properly obtained jurisdiction over him by means of a valid waiver from the Juvenile Court.

Therefore, defendant's motions in Criminal No. 147–61 entitled "Motion to Dismiss for Lack of Jurisdiction and for Other Relief" and "Motion for Release under Sec. 2255, Judicial Code, or for Writ of Habeas Corpus" are denied.

Counsel for the United States of America will prepare and submit an appropriate order.