**In the Matter of Morris Allen KENT, Jr., Appellant.**

**No. 2944.**

Municipal Court of Appeals for the District of Columbia.

Submitted March 26, 1962.

Decided April 13, 1962.

Richard Arens and Bernard Dunau, Washington, D. C., for appellant.

Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, Hubert B. Pair and Richard W. Barton, Asst. Corporation Counsel, for appellee.

Before QUINN, Associate Judge, CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b), and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

PER CURIAM.

Appellant seeks a review of an order of the Juvenile Court, which recited that after full investigation it waived jurisdiction over him in connection with some fourteen charges, and ordered him held for trial under the regular procedure of the United States District Court for the District of Columbia. Code 1961, 11-914. Embraced in the order were seven charges of housebreaking, two charges of assault, two charges of assault with intent to commit rape, and three charges of rape. Indictments were later returned in the District Court.

Appellant says the statute was not complied with because the waiver of jurisdiction was not preceded by a "full investigation," and because the court did not make known the reasons therefor. These questions have been considered and decided in Wilhite v. United States, 108 U.S.App.D.C. 279, 280, 281 F.2d 642, 643, and Briggs v. United States, 96 U.S.App.D.C. 392, 226 F. 2d 350. Under those decisions it must be held that the procedure followed by the Ju-

■■■■■■■■■■■

venile Court in this case was not violative of the statute.

■ Another argument is that if the inquiry conducted by the Juvenile Court is deemed to satisfy the statutory standard of a full investigation, it would still offend the constitutional standard of fundamental fairness. This contention was answered in the Briggs case, supra, where the waiver statute was held constitutional and valid.

Affirmed.