Morris Allen KENT, Jr., Appellant,

v.

Curtis REID, Superintendent, District of Columbia Jail, Appellee.

Morris Allen KENT, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 16698, 17068.

United States Court of Appeals District of Columbia Circuit.

No. 16698 Argued April 10, 1962.

No. 17068 Argued Nov. 27, 1962.

Decided Jan. 22, 1963.

Mr. Bernard Dunau, Washington, D. C., with whom Mr. Richard Arens, Washington, D. C., was on the brief, for appellant in No. 16,698.

Mr. Richard Arens, Washington, D. C., with whom Mr. Bernard Dunau, Washington, D. C., was on the brief, for appellant in No. 17,068.

Mr. Anthony G. Amsterdam, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, Asst. U. S. Atty., at the time the brief was filed, and Daniel J. McTague, Asst. U. S. Atty., were on the brief, for appellee in No. 16,698. Mr. Judah Best, Asst.

U. S. Atty., also entered an appearance for appellee in No. 16,698.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee in No. 17,068.

Mrs. Patricia Roberts Harris, Washington, D. C., filed a brief on behalf of National Capital Area Civil Liberties Union as *amicus curiae* urging reversal in No. 17,068.

Before EDGERTON, WASHINGTON and BURGER, Circuit Judges.

## WASHINGTON, Circuit Judge.

On September 5, 1961, the appellant was arrested by the Metropolitan Police of the District of Columbia on charges of having committed 14 serious offenses, all of which would, if committed by an adult, be felonies and three of which could be punished by death. At the time of his arrest appellant was 16 years of age and had been under probation in the Juvenile Court for the preceding two years. On September 12, 1961, the Juvenile Court signed a waiver of its jurisdiction over the offenses and ordered the appellant held for trial for such offenses under the regular procedure in the United States District Court. The order recited that the waiver was made "after full investigation." Appellant immediately filed a petition for writ of habeas corpus in the District Court, challenging its jurisdiction to try the case, and also appealed the order of waiver to the Municipal Court of Appeals.[1] Both proceedings were based on the claim that the Juvenile Court had failed to make a "full investigation" before issuing the order of waiver, and hence that its order was invalid under Section 11–914 of the District of Columbia Code (1961).[2]

On September 19, 1961, the District Court dismissed the habeas corpus petition and discharged the writ.[3] Its order is before us by appeal in No. 16,698. On April 13, 1962, the Municipal Court of Appeals affirmed the order of the Juvenile Court waiving its jurisdiction. In Re Kent, D.C.Mun.App., 179 A.2d 727 (1962). We allowed an appeal from the affirmance, now before us in No. 17,068.

### I.

In No. 16,698 we must decide whether habeas corpus will lie, prior to indictment and trial, to raise collaterally the question whether, before waiving its jurisdiction over a juvenile, the Juvenile Court made the "full investigation" recited in its waiver. We think that habeas corpus is not the proper remedy for that purpose.

Appellant argues that his petition presents a "jurisdictional" issue which may be tested by habeas corpus. But even if the question raised could be regarded as a true jurisdictional issue—and we think it is "jurisdictional" only in a marginal sense[4]—it by no means follows that a pre-trial habeas corpus proceeding

1. Effective January 1, 1963, the name of the Municipal Court of Appeals was changed to District of Columbia Court of Appeals, Pub.L.No. 87–873, 76 Stat. 1171; Act approved Oct. 23, 1962.

2. The section is as follows:
 "If a child sixteen years of age or older is charged with an offense which would amount to a felony in the case of an adult, or any child charged with an offense which if committed by an adult is punishable by death or life imprisonment, the judge may, after full investigation, waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdic-

tion of such offense if committed by an adult; or such other court may exercise the powers conferred upon the juvenile court in this subchapter in conducting and disposing of such cases."

3. We are told that appellant was indicted by the grand jury on September 25, 1961, and that the indictment is presently before the District Court for trial.

4. *Compare* Briggs v. United States, 96 U.S.App.D.C. 392, 226 F.2d 350 (1955), *with* Harling v. United States, 111 U.S. App.D.C. 174, 295 F.2d 161 (1961). See also Pee v. United States, 107 U.S.App. D.C. 47 at 49, n. 3, 274 F.2d 556 at 558, n. 3 (1959).

will be available to test it. As the Supreme Court said in *Henry v. Henkel*, 235 U.S. 219, 228, 35 S.Ct. 54, 56, 59 L. Ed. 203 (1914):

> "To establish a general rule that the courts on *habeas corpus*, and in advance of trial, should determine every jurisdictional question would interfere with the administration of the criminal law and afford a means by which, with the existing right of appeal, delay could be secured when the Constitution contemplates that there shall be a speedy trial, both in the interest of the public, and as a right to the defendant."

See also *Sunal v. Large*, 332 U.S. 174, 179, n. 11, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). Indeed appellant says on brief that "to identify the subject as jurisdictional does not automatically establish the propriety of invoking habeas corpus." He points out that the availability of the writ depends on weighing various factors, and that the exposure of the juvenile to trial in the District Court is an important element to be considered. We agree, but that is not the only consideration. Here remedies other than pre-trial habeas corpus are available for adjudication of the point at issue under the ordinary processes of law administration, to test whether the juvenile should be exposed to trial as an adult in the District Court.[5]

■ There is now pending in the District Court a motion filed by appellant to dismiss the indictment for lack of jurisdiction because a full investigation was not made by the Juvenile Court before it waived its jurisdiction. We have recently stated that, in a new trial pursuant to remand, the District Court "upon sufficient allegations, should conduct such proceedings as may be necessary to determine whether 'full investigation' was made by the Juvenile Court * * *." *Green v. United States*, 113 U.S.App.D.C. 348, 351, 308 F.2d 303, 306 (1962); see *Wilhite v. United States*, 108 U.S.App.D.C. 279, 280, 281 F.2d 642, 643 (1960). Such proceedings will be available upon the motion to dismiss the indictment in this case if sufficient allegations are made.[6] See *United States v. Stevenson*, 170 F.Supp. 315 (D.D.C. 1959). If the District Court should deny appellant's motion in this case, its order will be reviewable by this court in the event appellant is ultimately convicted. See *Briggs v. United States*, 96 U.S.App. D.C. 392, 226 F.2d 350 (1955). Moreover, as we pointed out in *Pee v. United States*, 107 U.S.App.D.C. 47, 51, 274 F.2d 556, 560 (1959), and see also *Green v. United States*, 113 U.S.App.D.C. at 350–351, 308 F.2d at 305–306, after the Juvenile Court has waived jurisdiction in a case like the present one, "the District Court may proceed [under D.C.Code § 11–914 (1951)] in all respects exactly as the Juvenile Court would proceed in the case." See *United States v. Anonymous*, 176 F.Supp. 325 (D.D.C.1959). Appellant has not yet requested this

---

5. In *Harling v. United States*, 111 U.S. App.D.C. 174, 177–178, 295 F.2d 161, 164–165 (1961), we pointed out that non-criminal treatment of juveniles "is to be the rule—and the adult criminal treatment, the exception which must be governed by the particular factors of individual cases."

6. We leave open the question whether the allegations made here would be sufficient. We note, however, that they do not take account of the fact that the appellant had been in the custody of the Juvenile Court on probation for two years preceding his arrest on September 5, 1961, during which reports from social workers and probation officers must have been received and significant and highly material facts must have been developed. Cf. *United States v. Anonymous*, 176 F.Supp. 325, 326 (D.D.C.1959), approving as sufficient the investigation conducted where the boy involved had "no past criminal or juvenile record of any sort." And cf. *Wilhite v. United States*, 108 U.S.App. D.C. 279, 280, 281 F.2d 642, 643 (1960). We there pointed out that no formal hearing but only an administrative process in the Juvenile Court on waiver of jurisdiction is required, saying:

> "The Juvenile Courts conducts *such investigation as is needed to satisfy that court* as to what action should be taken on the question of waiver." (Emphasis supplied.)

form of relief from the regular processes of the criminal law, so far as we are advised. But if such a request were made and granted by the District Court, it would effectively moot the objections appellant now seeks to raise. It seems unnecessary to note that the appellant will have in the District Court all the rights in relation to his alleged psychiatric problems that he would have in the Juvenile Court.

We think, in sum, that to allow habeas corpus to be brought in the circumstances of this case would be unnecessary to preserve appellant's rights, would interfere with and unnecessarily delay the orderly processes of the District Court, and would be inconsistent with the precedents developed in this court and the Supreme Court.

The order of the District Court discharging the writ will accordingly be

Affirmed.

## II.

■ In No. 17,068 we must determine whether the waiver of jurisdiction by the Juvenile Court was a "final order or judgment," which could be appealed to the Municipal Court of Appeals within the meaning of Section 11-772(a) of the District of Columbia Code, reading as follows:

"Any party aggrieved by any final order or judgment of * * * the Juvenile Court of the District of Columbia, may appeal therefrom as of right to The Municipal Court of Appeals for the District of Columbia. * * * "

We think it was not a final order or judgment in the statutory sense.[7]

As already pointed out, we held in Green v. United States, supra, that the validity of a waiver can be determined in the District Court under standards indicated in Wilhite v. United States, supra. That court. has on occasion inquired into the matter. See United State v. Anonymous, supra, and United States v. Stevenson, supra. A motion to dismiss the indictment has been filed for that purpose in this case. The District Court acquires the case for trial on the merits as a result of the waiver, and it may use the powers and procedures available to the Juvenile Court in conducting and disposing of the case.[8] To allow an appeal from the waiver to the Municipal Court of Appeals when the case is awaiting trial or at trial in the District Court may create a number of serious problems, among them unnecessary delay in dealing with the case and other questions suggested by appellant himself on brief in No. 16,698.[9] We agree that a challenge to the waiver of "jurisdiction" should take place in the District Court to which "jurisdiction" has been waived. We think that challenges to the policies and practices of the Juvenile Court with respect to waivers

7. We regret that in reaching this decision we do not have the benefit of the views of the Municipal Court of Appeals. The contention that it lacked jurisdiction over the appeal was not raised before it.

8. The non-criminal processes may be restored to the juvenile in the District Court under D.C.Code § 11-914, as was pointed out in Part I of this opinion.

9. His brief says:
"If the appeal is to the Municipal Court of. Appeals, and the adult criminal proceeding is before the District Court, the diversity raises delicate questions of the interrelationship of the two separate systems. Suppose the appeal results in a determination that the waiver of jurisdiction was invalid, and at that stage the case before the District Court is at trial or at the verge of trial. Should the District Court defer to the determination of the Municipal Court of Appeals which is not its hierarchial superior on a question which coequally goes to the District Court's jurisdiction and to the Juvenile Court's jurisdiction? If the District Court does not defer, what is the remedy or is the appeal futile? If the District Court defers and discharges an impanelled jury, has jeopardy attached so as to preclude a second indictment if the Juvenile Court thereafter validly waives jurisdiction? These questions and others that can be put strongly suggest the answer that a challenge to waiver of jurisdiction should take place within the judicial hierarchy of the court to which jurisdiction has been waived."

can be more promptly and effectively dealt with in the District Court than in the Municipal Court of Appeals. We think also that plainly it was not the intention underlying the statute to treat a waiver as a "final" order for appeal purposes.

Our decision accords with the standards laid down in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), for determining when a decision is final and appealable. See United States v. Cefaratti, 91 U.S.App.D.C. 297, 202 F.2d 13 (1952), cert. denied, 345 U.S. 907, 73 S. Ct. 646, 97 L.Ed. 1343 (1953). Here, the waiver had no "final and irreparable effect on the rights" of the juvenile to non-criminal processes. As we have shown, the juvenile's right to raise the validity of the waiver on appeal, if he is convicted, persists. Put another way, the "claimed right" to non-criminal processes is "an ingredient of the cause of action" against the juvenile which requires consideration with it. Barnard v. Schneider, 100 U.S.App.D.C. 152, 243 F.2d 258 (1957), which upheld the appealability of a certification of a case by the District Court to the Municipal Court for trial under D.C.Code § 11–756, is not apposite. One problem facing us in that case was that the District Court's certification would not have been reviewable in the Municipal Court of Appeals after final decision by the Municipal Court, and there would have been no review at all if we had not upheld the right of appeal. Such a situation does not exist here.

■ Other considerations support our decision that the District Court is the appropriate forum to test validity of a waiver. The record before us and before the Municipal Court of Appeals is woefully inadequate for such a purpose. The Juvenile Court appears to have conducted no formal hearing in this case, and we have held that it is not required to hold such a hearing. Wilhite v. United States, supra. The record consists of two memoranda and a motion with two supporting affidavits filed in the Juvenile Court by appellant's counsel,[10] the order of waiver of the Juvenile Court stating that full investigation was made, a motion for leave to file two affidavits filed by appellant's counsel in the Municipal Court of Appeals, the order of that court denying that motion, and the per curiam opinion and order of the Municipal Court of Appeals. We can only speculate that the Juvenile Court may have relied on information in the social and probation reports and other information accumulated during the preceding two years, as well as interviews admittedly had with the juvenile and his mother following his arrest, and perhaps other factors. Patently on such a record, the Municipal Court of Appeals was not in a position to ascertain what investigation was made.

■ The Juvenile Court did not transmit its "social service file" to the Municipal Court of Appeals, though we are told that it was designated by the appellant for inclusion in the record on appeal.[11] The Juvenile Court does, however, transmit such records to the District Court upon order. See, e. g., United States v. Stevenson, supra. And the District Court clearly is entitled to such records. It is entitled to them under D.C.Code § 11–929(b) as a court before which the child appears, and more

10. The motion requested hospitalization for psychiatric study, a formal hearing, and disclosure to counsel of the social service file of the court. We are informed that hospitalization for two psychiatric studies has already been had in the District Court. Whether or not counsel is entitled to inspect the social service file of the Juvenile Court under D.C.Code § 11–929(b) will be determined in the District Court. We note that in

United States v. Stevenson, supra, the social and probation records were made available to counsel.

11. Apparently the appellant made no request in the Municipal Court of Appeals for an order directing transmittal to that court of the social service file, and that court did not sua sponte order it transmitted.

particularly when it exercises the powers of the Juvenile Court in conducting and disposing of the case, as in United States v. Anonymous, supra. While perhaps not conclusive, all of this suggests that the District Court has been in the past and in the future will be better equipped to determine whether a full investigation was had prior to waiver.

The judgment of the Municipal Court of Appeals is reversed with directions to dismiss the appeal for lack of jurisdiction.

So ordered.