In the Matter of Paul Elliot POSTON.

Petition of Michael H. HINKEL.

No. 4415 Original.

District of Columbia Court of Appeals.

Decided March 24, 1970.

---

John J. F. Mathews, Washington, D. C., with whom Robert L. Weinberg, Washington, D. C., was on the Memorandum, for petitioner.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This petition seeks leave to appeal from an order of the Juvenile Court denying access to certain records of that court pertaining to Poston. The motion to permit inspection was occasioned by a desire on the part of Hinkel's attorney to investigate the background of Poston who is a potential witness in a criminal prosecution in the United States District Court for the District of Columbia.[1] Hinkel is there under indictment for murder. Poston appeared as a witness at the preliminary hearing when Hinkel was held to await grand jury action. It is petitioner's contention that the Juvenile Court has power to permit inspection of Poston's records because Hinkel's attorney is an "interested person" within the meaning of D.C.Code 1967, § 11–1586(a).[2]

We do not decide this point because, as petitioner states, he will have substantially obtained the relief he seeks if he is left to his available remedy under 17(c), F.R. Crim.P., permitting issuance of a subpoena for pretrial inspection of documents. Petitioner, however, expresses concern that D.C.Code 1967, § 11–1586(c) prohibits disclosure of Juvenile Court records "except for purposes permitted and in the manner provided in subsections (a) and (b). of this section". He anticipates that the proscription of subsection (c) would prompt the Juvenile Court to resist disclosure if a subpoena were issued. It should be noted that subsection (c) is a punishment provision carrying possible sanction of "not more than $100 or imprison[ment for] not more than ninety days or both", and that such a violation is prosecutable by the United States. D.C.Code 1967, § 23–101.

We do not believe that the order of the Juvenile Court finally determines petitioner's right to inspect its records. It may be that, notwithstanding an adverse decision by this court, the District Court would conclude that Hinkel is entitled to what he seeks. Any such decision by us or by the Juvenile Court would not be binding in the criminal proceedings in the District Court. U.S.Const. amend. VI, (pertaining to a defendant's right to compulsory process); Rule 17, F.R.Crim.P. *See also* United States v. Olin Mathieson Chemical Corporation, 36 F.R.D. 18, 21–22, 23 (S.D. N.Y.1964); *cf.* Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).

We hold that we lack jurisdiction to review the order of the Juvenile Court since that order is not a final one within the meaning of D.C.Code 1967, § 11–741(a) (3). *See* Kent v. Reid, 114 U.S.App.D.C. 330, 333–334, 316 F.2d 331, 334–335 (1963) which held that a Juvenile Court order waiving jurisdiction to the District Court was not a final order since the ulti-

---

1. District Court Criminal No. 1794–69.

2. That section provides in pertinent part:
   "Pursuant to rule or special order of

the court, other interested persons, institutions, and agencies may inspect the records. * * * "

**256**

mate question was for the District Court and the United States Court of Appeals for the District of Columbia Circuit in the event of an appeal.

Moreover, it is far more appropriate for petitioner to utilize available remedies in the criminal case than proceed in an independent *ex parte* manner. We think he may not and should not ask this court and the Juvenile Court to pass on his entitlement to criminal process without either the criminal case before us or the United States being made a party to the proceedings.

Accordingly, the petition for leave to appeal in forma pauperis is

Denied.