479 S.W.2d 433 (1972)
In the Interest of T. J. H., a Child Under Seventeen Years of Age.
No. 57070.
Supreme Court of Missouri, En Banc.
April 10, 1972.
Rehearing Denied May 8, 1972.
T. E. Lauer, National Juvenile Law Center, St. Louis, Richard J. Habiger, Legal Aid and Defender Society, Kansas City, for appellant.
John C. Danforth, Atty. Gen. (Michael Boicourt, Asst. Atty. Gen., Jefferson City, Mo.), Max Von Erdmannsdorf, North Kansas City, for respondent.
DONNELLY, Judge.
In May, 1971, the Juvenile Officer of Clay County, Missouri, filed petitions in the *434 Juvenile Division of the Circuit Court of Clay County, alleging the delinquency of a child sixteen years of age. On May 24, 1971, the juvenile officer filed a "Motion For Order Terminating Further Proceedings in Juvenile Court and Transferring Jurisdiction of [the child] for Prosecution Under the General Law Pursuant to Section 211.071, Revised Statutes of Missouri, 1969." A hearing was held and the Juvenile Division ordered "that the petitions herein * * * be dismissed and that said child * * * be prosecuted under the general law." Appellant, by his mother, appealed to this Court from said order.
The determinative question presented is whether said order is a final order from which an appeal shall be allowed.
V.A.M.S. § 211.071 reads as follows:
"In the discretion of the judge of the juvenile court, when any petition under sections 211.011 to 211.431 alleges that a child of the age of fourteen years or older has committed an offense which would be a felony if committed by an adult, or that the child has violated a state or municipal traffic law or ordinance or that a minor between the ages of seventeen and twenty-one years over whom the juvenile court has jurisdiction has violated any state law or municipal ordinance, the petition may be dismissed and such child or minor may be prosecuted under the general law, whenever the judge after receiving the report of the investigation required by sections 211.011 to 211.431 and hearing evidence finds that such child or minor is not a proper subject to be dealt with under the provisions of sections 211.011 to 211.431."
V.A.M.S. § 211.261 reads as follows:
"An appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of sections 211.011 to 211.431 and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend. An appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of sections 211.011 to 211.431 which adversely affects him. Notice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered but neither the notice of appeal nor any motion filed subsequent to the final judgment acts as a supersedeas unless the court so orders."
We hold that an order of a Juvenile Court in Missouri, dismissing a petition therein, and, in effect, relinquishing jurisdiction to deal with a child under the Juvenile Code, is not a final order from which an appeal shall be allowed to the Court of Appeals or to this Court. We take this position for at least two reasons:
(1) In People v. Jiles, 43 Ill.2d 145, 251 N.E.2d 529, 531 (1969), appears language we consider appropriate: "* * * Our sole concern is the appealability of an order which, after a hearing at which the juvenile was represented by counsel, dismissed the delinquency proceedings so that a criminal prosecution could proceed.
"To permit interlocutory review of such an order would obviously delay the prosecution of any proceeding in either the juvenile or the criminal division, with the result that the prospect of a just disposition would be jeopardized. In either proceeding the primary issue is the ascertainment of the innocence or guilt of the person charged. To permit interlocutory review would subordinate that primary issue and defer its consideration while the question of the punishment appropriate for a suspect whose guilt has not yet been ascertained is being litigated in reviewing courts. We are unwilling to sanction such a procedure."
(2) In Kent v. United States, 383 U.S. 541, 548, 552, 86 S.Ct. 1045, 16 L.Ed.2d 84 (a case wherein the propriety of a waiver of jurisdiction by the Juvenile Court of the District of Columbia was in question), the United States Supreme Court considered acceptable the view of the United States Court of Appeals for the District of Columbia Circuit (Kent v. Reid, *435 114 U.S.App.D.C. 330, 316 F.2d 331), that "the exclusive method of reviewing the Juvenile Court's waiver order was a motion to dismiss the indictment in the District Court." This method of review is available in Missouri. V.A.M.R. 25.06.
The appeal is dismissed.
FINCH, C. J., HOLMAN and HENLEY, JJ., and WEIER, Special Judge, concur.
SEILER, J., dissents in separate dissenting opinion filed.
BARDGETT, J., dissents and concurs in separate dissenting opinion of SEILER, J.
MORGAN, J., not sitting.
SEILER, Judge (dissenting).
I respectfully dissent. Sec. 211.261, RS Mo 1969, V.A.M.S., is clear and to the point. It provides: "An appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of sections 211.011 to 211.431. . ." (emphasis supplied). The effect of the principal opinion is to amend the statute by adding a proviso: "Provided, no appeal shall be allowed from any order dismissing a petition."
The order before us dismissing the petitions in juvenile court disposed of all issues in the case and all parties. It was an order, which is specifically mentioned in Sec. 211.261, and it was made under Sec. 211.071, which is one of the sections to which Sec. 211.261 applies. The order was not tentative, informal, or incomplete. It left nothing for future determination in the juvenile court and was final. Whether anything more would be done with the juvenile depended on third partiesthe prosecutor or the grand jury. If there is to be a subsequent prosecution it will be an independent action, not a continuation of the juvenile proceeding. What happens in the criminal prosecution will in no way affect what was done in juvenile court. The order of dismissal thus meets all the tests by which we ordinarily judge what is a final judgment or order in a civil or criminal case. See Sec. 512.020 and Sec. 547.070, RSMo 1969, V.A.M.S., and the many cases on the point. See also Carter v. Murphy (Mo.App.) 465 S.W.2d 28, where the court accepted the very sort of appeal we have before us and decided the case on the merits.
As is well known, our present juvenile code was adopted in 1957. When the new code was adopted, the right of appeal was greatly broadened. Prior to 1957, in 1st and 2nd class counties, an appeal could be taken only from a final judgment of delinquency or dependency, or a final order of commitment, and nothing else. In the new code the legislature eliminated the restriction on appeals from 1st and 2nd class counties, and provided, in the broadest possible terms, that an appeal shall be allowed the child from any final judgment, order, or decree made under the juvenile code. This is consistent with our juvenile code approach that no juvenile can be prosecuted under the general law until the juvenile court first dismisses the juvenile proceedings.
The principal opinion reaches a result contrary to the clear legislative intent to broaden the scope of appeal from the juvenile court.
The majority opinion does not discuss what there is about the order dismissing the juvenile petitions which is not final or what else is needed to make it a final order. Instead, the opinion relies on an Illinois case, People v. Jiles, 43 Ill.2d 145, 251 N.E. 2d 529, and a District of Columbia case, Kent v. Reid, 114 U.S.App.D.C. 330, 316 F.2d 331. In my opinion, the provisions of the Illinois juvenile code and of the District of Columbia juvenile code are so dissimilar from ours that I do not believe either decision should be used as the basis for disallowing this appeal.
The Illinois court itself in the Jiles case described its juvenile procedure as *436 "unique". In Illinois, the juvenile judge does not have the determination of whether or not a particular juvenile is to be prosecuted criminally, which is completely different from the Missouri system. The Illinois court said, 251 N.E.2d l.c. 531: "The role of the judge of the juvenile division is sharply diminished. He may do nothing if the juvenile elects to be prosecuted criminally, and if the prosecutor elects to proceed criminally, he may, by noting his objection, bring about a hearing before the chief judge of the circuit."
The issue before us is not the same as that in the Jiles case. Illinois has no broad appeal statute such as our Sec. 211.261. In Illinois, appeal is limited to appeal from adjudication of delinquency, Smith-Hurd Ann.St. Ch. 37, Sec. 704-8, so the Illinois court was not concerned with interpretation of whether the attempted appeal came within their statute. What the Illinois court did was to consider whether as a matter of policy, it should nevertheless permit such an appeal under its rule making power, and decided it would not be sound policy to do so, 251 N.E.2d l.c. 530. In our case, our legislature has already established the Missouri policy on appeals by Sec. 211.261, and this court, therefore, unlike the Illinois court, is not free to decide this case on the basis of what we consider the policy should be. The only question before us is whether we have a final order under our statutes. In my judgment, what was done in Illinois sheds no light on this.
The other case referred to, Kent v. Reid, supra, together with the decision by the United States Supreme Court in the same case, Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, offers even less basis for deciding how we should interpret our appeal statute.
The question before the court of appeals in Kent v. Reid was whether the juvenile was entitled to appeal the dismissal of the petition in juvenile court to the municipal court of appeals for the District of Columbia. If such an appeal were allowed, it would have presented an awkard situation. If the municipal court of appeals held the dismissal was invalid, there was no requirement that the federal district court, which in the meantime would have received the case under an indictment for criminal prosecution, would recognize the decision of the municipal court of appeals, which is not a court superior to the district court. No consideration of this sort is involved in the case before us.
Next, and even more important, the federal statute governing the District of Columbia provided that when the federal district court acquires the case as a result of a waiver in juvenile court, the district court ". . . may exercise the powers conferred upon the juvenile court in this subchapter in conducting and disposing of such cases", Title 11-914, District of Columbia Code, 1961 ed. This, of course, is not true in a Missouri circuit court.
The Kent v. Reid decision stresses the fact the waiver by the juvenile court had no final effect on the rights of the juvenile to non-criminal processes because he could raise the matter in district court and the district court could act as a juvenile court. The decision discusses this in determining whether the waiver in juvenile court was final and appealable, pointing out that the waiver in juvenile court has no final and irreparable effect on the rights "of the juvenile to non-criminal processes", 316 F.2d l.c. 335, and this was why there was not a final, appealable order when the juvenile court waived jurisdiction.
When the Kent case reached the United States Supreme Court, the main emphasis there was on the procedural defects in the juvenile court with respect to its waiver of jurisdictionlack of a hearing, counsel, and findings. The opinion does not discuss whether or why the waiver of jurisdiction in the juvenile court was not considered a final order.
*437 The quotation from 383 U.S. 541, 548, 86 S.Ct. 1045, 1050, at the close of Judge Donnelly's opinion that in the Court of Appeals' view, "the exclusive method of reviewing the Juvenile Court's waiver order was a motion to dismiss the indictment in the District Court" cannot be taken, in my judgment, as any expression of opinion by the United States Supreme Court as to how it would view our statute, Sec. 211.261, or that the United States Supreme Court would accept the view of the court of appeals had the federal statute not contained the provision earlier mentioned whereby the federal district court could itself act as a juvenile court and administer non-criminal process, if appropriate.
I will close with a comment on the remedy suggested by the principal opinion allowing the juvenile to file a motion in circuit court to dismiss the indictment, S.Ct. rule 25.06. This is a hollow remedy which cannot possibly give complete relief, because by that time the juvenile will already irretrievably have lost his right to be shielded from publicity, his right not to be jailed with adults, not to be finger-printed or photographed without permission of the juvenile judge, and his right of his being in custody not to be considered an arrest. A motion to dismiss the indictment or information is not appropriate or fair where there is no provision such as exists in the federal system permitting the trial court itself to act as a juvenile court and apply non-criminal process to the juvenile if it so desires.
The Supreme Court of Hawaii had the same question before it as we have, in In Re Doe I, 50 Haw. 537, 444 P.2d 459, and ruled that the order waiving jurisdiction and holding the juvenile for criminal proceedings in the circuit court was appealable. What the court said, 444 P.2d l.c. 460, is applicable to our Missouri situation: "Here, the waiver order has determined adversely to the minor his ultimate right to non-criminal process with respect to the accusation against him, and this determination has no bearing on the matter which has been turned over to the circuit court for adjudication, namely, the minor's guilt or innocence of the alleged offense.
". . .
". . . [O]nce the family court waives its jurisdiction, all of the safeguards accorded a minor are gone, and the minor's only recourse for the preservation of those safeguards is appeal to this court for reversal of the family court order.
"It is argued that the minor may appeal from the circuit court judgment, if it should be adverse to him . . . Even if such review is possible, the right to such review is a hollow one, for, by then, many of the safeguards, including freedom from adverse publicity, would have been irretrievably lost."
The Hawaii court concluded its opinion by applying language from Cohen v. Beneficial Indus. Loan Corporation, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, to its position that the dismissal of a petition in juvenile court is the type of decision which ". . . finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." [1]
The Hawaii view represents the view of the majority of the courts which have considered *438 the question. See State v. Yoss, 10 Ohio App.2d 47, 225 N.E.2d 275; State v. Little, 241 Or. 557, 407 P.2d 627; cert. den. 385 U.S. 902, 87 S.Ct. 208, 17 L.Ed. 2d 133; In re Houston, 221 Tenn. 528, 428 S.W.2d 303.
I would allow this appeal. I can think of nothing the juvenile court could have done to have made its order of dismissal any more final. It washed its hands of the juvenile, finally, and under our statute, no matter what the statutes may be in Illinois or the District of Columbia, the juvenile has the right to appeal.
NOTES
[1] In Kent v. Reid, supra, the court referred to and applied the Beneficial Loan Corporation rule in determining that the waiver of jurisdiction by the District of Columbia juvenile court was not a final order, for the reason that the juvenile could still be treated as juvenile in the trial court and there afforded non-criminal process. It is clear that application of the Beneficial Loan Corporation rule to the case before us would produce the opposite here, because the element that kept the order in Kent v. Reid from being finalthe fact the juvenile could be given juvenile court treatment in the trial courtis missing from our Missouri procedure.