**STATE of Missouri, at the Relation of D___ V___, Relator,**

**v.**

**Honorable Phil H. COOK, Special Judge of the Fourteenth Judicial Circuit of Missouri, Respondent.**

**No. KCD 26433.**

Missouri Court of Appeals, Kansas City District.

May 7, 1973.

James J. Wheeler, Keytesville, for relator.

Karl L. Madden, John L. Port, Moberly, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is an original proceeding in prohibition wherein relator seeks to prohibit respondent from exercising jurisdiction in a felony criminal charge of attempted rape (Section 556.150(1) V.A.M.S.). A preliminary rule was issued and the matter now comes up for decision as to whether the rule should be made absolute.

At the time of the alleged offense, relator was a "child" under the age of seventeen years and subject to the "exclusive original jurisdiction" of the juvenile court. Section 211.021 RSMo 1969, V.A.M.S.; Section 211.031 RSMo 1969, V.A.M.S. Additionally, relator was over the age of fourteen years at the time of the alleged offense and ostensibly subject to being prosecuted under the general law by virtue of Section 211.071 RSMo 1969, V.A.M.S., and therein swirls the vortex whereby relator contends the preliminary rule should be made absolute.

■ Chapter 211 RSMo 1969, V.A.M.S., insulates children with special rights and immunities as opposed to their adult counterparts. A child accused of a felony has a shield, raised by force of law, which initially protects him from criminal prosecution under the general law. This shield can be pierced. The piercing of this shield is a "critically important" stage in the juvenile process and, to avail, "basic requirements of due process and fairness", as well as statutory compliance, must be satisfied.

Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

Particular sections of Chapter 211 RSMo 1969, V.A.M.S. apropos of the issues here are Sections 211.031, 211.071 and 211.091 RSMo 1969, V.A.M.S. Section 211.071 RSMo 1969 reads:

"In the discretion of the judge of the juvenile court, *when any petition* under sections 211.011 to 211.431 *alleges that a child of the age of fourteen years or older has commited an offense which would be a felony if committed by an adult,* * * * the petition may be dismissed and such child or minor may be prosecuted under the general law, whenever the judge after receiving the report of the investigation required by sections 211.011 to 211.431 and hearing evidence finds that such child or minor is not a proper subject to be dealt with under the provisions of sections 211.011 to 211.431." (Emphasis added.)

Section 211.091 RSMo 1969, V.A.M.S., reads:

"* * *

2. The *petition shall set forth plainly*:

(1) The *facts* which bring the child within the jurisdiction of the court; * * *" (Emphasis added.)

Section 211.031 RSMo 1969, V.A.M.S. provides that one of the "facts" vesting the juvenile court with "exclusive original jurisdiction" is that the child "is alleged to have violated a state law."

 Relator contends the petition filed by the juvenile officer in the instant case did not plainly set forth facts alleging that relator had "violated a state law" and did not allege facts demonstrating that relator had "committed an offense which

would be a felony if committed by an adult." The core of the petition in both respects reads "and said Juvenile D_____ V_____, 16, participated along with C_____ G_____ in unnecessary aggressive sexual behavior with said S_____ S_____ (female minor)." This language, in and of itself, confutes any and all contentions by respondent that the petition filed by the juvenile officer alleged facts demonstrating that relator had "committed an offense which would be a felony if committed by an adult." To hold otherwise would surreptitiously nullify the clear mandate of the statute. This does not mean that the allegations in the petition must rise to the threshold applicable to informations and indictments. To so hold would tip the other way the necessary balance between safeguarding and reforming erring children on the one hand and protecting society on the other hand. Nevertheless, coming at a "critically important" stage of the ensuing criminal process, relator was entitled to know, whether by statutory reference or lucidity of allegations, that he was being proceeded against for an offense "which would be a felony if committed by an adult."

The petition filed by the juvenile officer failing as it did, to follow the mandate of the statute (Section 211.071 RSMo 1969, V.A.M.S.), no jurisdictional basis existed for the juvenile court to order relator to be prosecuted under the general law. It necessarily follows that respondent has no jurisdiction to proceed with trial of relator under the information charging relator with attempted rape.

The preliminary rule in prohibition is made absolute.

All concur.