

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

IN THE INTEREST OF:  D.E.D.        )
       )
JUVENILE OFFICER,        )
       )
             Respondent,        )     **WD84758**
       )
v.        )
       )     **OPINION FILED:**
       )     **October 4, 2022**
       )
D.E.D.,        )
       )
              Appellant.        )

**Appeal from the Circuit Court of Cass County, Missouri
The Honorable Jason M. Howell, Judge**

**Before Division Two:**  Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

D.E.D.[1] appeals from the order of the Circuit Court of Cass County, Missouri, Juvenile Division ("Juvenile Court"), granting the Juvenile Officer of Cass County, Missouri's ("Juvenile Officer") motion to dismiss D.E.D. from the Juvenile Court's jurisdiction and transfer his case to a court of general jurisdiction to allow prosecution as an adult under the general laws of the State of Missouri pursuant to section 211.071.[2]  Because the Juvenile Court plainly erred in failing to

---

[1] Pursuant to section 211.321, we use initials to identify the juvenile in this case.

[2] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as updated through the 2020 Cumulative Supplement.

explain its reasons for dismissing the juvenile cause of action and certifying D.E.D. to be prosecuted as an adult under general laws, we vacate the Juvenile Court's order and remand the cause for further proceedings consistent with this opinion.

**Factual and Procedural History**

D.E.D. was born on January 11, 2005. On June 1, 2021, when D.E.D. was sixteen years old, the Juvenile Officer filed a petition alleging that D.E.D., pursuant to section 211.031.1(3), was in need of care and treatment for having violated a state law or municipal ordinance, for which he would be criminally responsible if he were an adult, to-wit: robbery in the first degree, § 570.023; vehicle hijacking, § 570.027; stealing, § 570.030; unlawful use of weapons, § 571.030; tampering in the first degree, § 569.080; property damage in the first degree, § 569.100; resisting or interfering with arrest, § 575.150; and assault in the second degree, § 565.052. That same day, the Juvenile Officer filed a motion to dismiss the juvenile petition to allow D.E.D. to be prosecuted as an adult under the general laws of the State of Missouri for the alleged felonies and to set a hearing on the motion. The Juvenile Court entered its order on June 1, 2021, setting the motion for a hearing "for the purpose of determining in the discretion of the Court, whether the juvenile, [D.E.D.], is a proper subject to be dealt with under the juvenile law." The Juvenile Court also ordered the Juvenile Officer to make an investigation and written report pursuant to section 211.071.

The Juvenile Court held a hearing on the motion on July 8, 2021. Before the only witness, Deputy Juvenile Officer Ms. Cati Litchfield, testified, **both** the attorney for the Juvenile Officer and D.E.D.'s attorney requested that the motion to dismiss be **_denied_** and that D.E.D. remain in the juvenile court system. The Juvenile Court proceeded to examine Ms. Litchfield regarding the certification report that she authored, which report was admitted into evidence without objection.

2

Ms. Litchfield testified regarding the content of her report, specifically addressing each of the section 211.071.6 criteria in her testimony.

In pertinent part, Ms. Litchfield testified that: D.E.D.'s actions in committing the offenses were very serious, violent, and demonstrated a disregard for the law and welfare of others in that D.E.D. and another juvenile pointed a gun at the victim so that they could steal a vehicle and then recklessly led law enforcement on a high speed chase; D.E.D. had a repetitive history of delinquent behaviors that included weapon and marijuana possession violations; D.E.D. lives with his mother (who has no criminal history) and his two brothers and D.E.D.'s mother's parental management style is ineffective; D.E.D. has no contact with his father; and, D.E.D. has completed the tenth grade. Ms. Litchfield then testified that D.E.D. qualified for placement in one of two juvenile facilities described as:

> Highly structured, closed, moderately secure educational program designed for more sophisticated youth who have longer offense histories, which may include crimes against people, or for youth who have been unsuccessful in moderately structured programs.

And, ultimately, Ms. Litchfield testified from her report that: "The Juvenile Officer believes a suitable treatment program or service exists in the Juvenile Court system that would benefit [D.E.D.] and the Division of Youth Services would adequately address the severity of the offenses while ensuring the protection of the community." And, Ms. Litchfield went on to state that the treatment and juvenile detention facility that was being recommended offers "a lot of structure, secure placement. He would get education there, individual/group therapy, family therapy, as well as services when he is released from that facility." Ms. Litchfield concluded that:

> [D.E.D.] is a proper subject to be dealt with under the Juvenile Code. The Juvenile Court has proper programs or facilities available to rehabilitate the juvenile. It is respectfully recommended that in the best interest of the juvenile, the juvenile, [D.E.D.], not be transferred to the Court of General Jurisdiction and be dealt with under the juvenile code.

3

After this testimony, the Juvenile Court stated on the record that the juvenile proceeding was going to be dismissed and issued an Order later that day granting the motion to dismiss, thereby subjecting D.E.D. to criminal prosecution under the general laws of the State of Missouri. That ruling is the subject of the present appeal.

## Appealability

Prior to addressing the merits of D.E.D.'s appeal, this Court must determine whether this appeal properly is before it. "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *D.E.G. v. Juv. Officer*, 601 S.W.3d 212, 216 (Mo. banc 2020) (internal quotation marks omitted). Section 211.261.1 provides, in relevant part, that "[a]n appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of this chapter[.]"

In *D.E.G.*, the Missouri Supreme Court noted that "the juvenile division [had] entered a 'Judgment of Dismissal pursuant to section 211.071'" that "'ordered and adjudged' D.E.G. was released and discharged from its jurisdiction" and "was signed by the judge." *Id*. at 217. The Supreme Court concluded, "[h]ence, the judgment dismissing the juvenile division's jurisdiction over D.E.G. was a final, appealable judgment," and cited to Rule 74.01(a). *Id*. Rule 74.01(a) defines "judgment" as "a decree and any order from which an appeal lies," and provides that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Here, as in *D.E.G.*, the Juvenile Court's Order released and discharged D.E.D. from the Juvenile Court's jurisdiction, and was signed by the judge. However, the Juvenile Court's Order was not denominated "judgment."

Under identical circumstances, in *J.N.W. v. Juvenile Officer*, 643 S.W.3d 618 (Mo. App. W.D. 2022), the juvenile court's Order released and discharged J.N.W. from the juvenile court's

4

jurisdiction, was signed by the judge, but was not denominated a "judgment." As a matter of first impression, this Court was persuaded by *D.E.G.* to conclude that "Rule 74.01(a)'s denomination requirement is not applicable to section 211.071 determinations, and that an 'order' that is signed by the judge, and that releases and discharges a juvenile from the juvenile court's jurisdiction, is final and appealable, even though it is not denominated a 'judgment.'" *Id*. at 628. Accordingly, we conclude that the Juvenile Court's Order in this case is appealable, even though it is not denominated a "judgment."[3]

### Standard of Review

"'[A]ppellate review of a juvenile court's decision to terminate jurisdiction as to a youthful offender is limited to a determination of whether in the totality of the circumstances the court abused its discretion.'" *Id*. at 631 (quoting *In Interest of A.D.R.*, 603 S.W.2d 575, 580-81 (Mo. banc 1980)). "In reviewing a juvenile court's determination for an abuse of discretion, we will not reweigh the evidence, or determine the reliability or credibility of the witnesses." *Id*.

Here, however, D.E.D.'s counsel did not object to the Juvenile Court failing to give any reason for its decision to dismiss the juvenile cause of action and to certify D.E.D. to be prosecuted as an adult under the general laws. "As [D.E.D.] admits, the failure to object results in review only for plain error." *In re J.T.J.*, 635 S.W.3d 566, 571 (Mo. banc 2021). "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). "Plain error review requires a two-prong analysis to determine:

---

[3] "Whether denominated as a 'judgment' or an 'order,' appealable juvenile court determinations are final for purposes of appeal . . . thirty days after their entry." *J.N.W. v. Juv. Officer*, 643 S.W.3d 618, 629 (Mo. App. W.D. 2022). Here, the Juvenile Court's Order was entered July 8, 2021. It was final for purposes of appeal on August 9, 2021. On August 25, 2021, D.E.D. moved this Court for a special order to file his notice of appeal out-of-time. We granted the motion and allowed D.E.D. to file a notice of appeal by September 13, 2021. D.E.D.'s notice of appeal was then timely filed on September 7, 2021.

(1) whether there was an error that is evident, obvious, and clear; and (2) whether a manifest injustice or miscarriage of justice occurred as a result of that error." *J.N.W.*, 643 S.W.3d at 638. "Further, to reverse for plain error in a civil case, the injustice must be so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Williams v. Mercy Clinic Springfield Cmtys.*, 568 S.W.3d 396, 412 (Mo. banc 2019) (internal quotation marks omitted).

## Analysis

In D.E.D.'s sole point on appeal, he asserts that the Juvenile Court plainly erred in dismissing the juvenile cause of action and certifying him to be prosecuted as an adult under the general laws of this state because the Juvenile Court failed to explain its reasons for doing so. He further alleges that his right to a fair proceeding and due process of law—guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, article I, section 10 of the Missouri Constitution, section 211.071, and Rule 129.04—were violated and manifest injustice resulted because certification proceedings are considered constitutionally unfair when the hearing court gives no reason for certifying a child to be prosecuted as an adult.

The juvenile certification process must "measure up to the essentials of due process and fair treatment." *Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966)). In *State v. Nathan*, 404 S.W.3d 253, 260 (Mo. banc 2013), *superseded on other grounds by statute as recognized in Jones v. Mo. Dep't of Corr.*, 588 S.W.3d 203 (Mo. App. W.D. 2019), the Missouri Supreme Court relied on *Kent* in holding:

> The process is constitutional if a hearing is provided, the juvenile is given the right to counsel and access to his or her records, and it results in a decision that sets forth the basis for the decision to relinquish jurisdiction in a way that is sufficient to permit meaningful appellate review.

6

D.E.D., as a youthful offender, "was by statute entitled to certain procedures and benefits as a consequence of his statutory right to the 'exclusive' jurisdiction of the Juvenile [Division]." *Kent*, 383 U.S. at 557. To determine whether D.E.D.'s right to due process was violated, we must determine whether the juvenile division complied with section 211.071 when it dismissed the juvenile cause of action and certified him to be prosecuted as an adult in a court of general jurisdiction..

The juvenile is entitled to a hearing on the record, § 211.071.1, and if, after the hearing, the juvenile court exercises its discretion to dismiss the petition and certify the juvenile for prosecution in a court of general jurisdiction, it is required to enter a dismissal order containing:

(1) Findings showing that the court had jurisdiction of the cause and of the parties;

(2) Findings showing that the child was represented by counsel;

(3) Findings showing that the hearing was held in the presence of the child and his counsel; and

(4) Findings showing the reasons underlying the court's decision to transfer jurisdiction.

§ 211.071.7(1)-(4). The juvenile court is required to "include in its order the reasons for its decision." Rule 129.04d.[4] D.E.D. argues that the Juvenile Court's dismissal order did not include reasons as to why he should be certified and was contrary to the parties' recommendations.

The Juvenile Court's order granting the motion to dismiss to allow prosecution under general law stated in full:

1. The Court has jurisdiction over this cause and the parties pursuant to Chapter 211 RSMo;

2. The juvenile was present and represented by counsel at the hearing;

3. The Court received testimony and other evidence upon the Motion, including the report of the investigation required by §211.071.6 RSMo.;

---

[4] All rule references are to I MISSOURI COURT RULES – STATE 2022.

7

4. The Petition, filed on June 1, 2021, alleges that the juvenile committed offense[s], which would be a felony if committed by an adult, the offenses being Class A Felony of Robbery in the First Degree, in violation of Section 570.023 RSMo. (Robbery in the First Degree - Class A Felony); Class A Felony of Vehicle Hijacking, in violation of Section 570.027 RSMo. (Vehicle Hijacking - Class A Felony); Class E Felony of Unlawful Use of Weapons, in violation of Section 571.030 RSMo. (Unlawful Use of Weapons - Class E Felony); Class D Felony of Tampering in the First Degree, in violation of Section 569.080 RSMo. (Tampering in the First Degree - Class D Felony); Class E Felony of Property Damage in the First Degree, in violation of Section 569.100 RSMo. (Property Damage in the First Degree - Class E Felony); and, Class E Felony of Resisting or Interfering with Arrest, in violation of Section 575.150 RSMo. (Resisting or Interfering with Arrest - Class E Felony). Pursuant to §211.071 RSMo, when a felony offense is alleged, the Court may order a hearing on whether the juvenile is a proper subject to be dealt with under the juvenile code or whether the juvenile is beyond the rehabilitative care, treatment and services available to the Juvenile Court and the protection of the community requires transfer to the court of general jurisdiction for the prosecution of the felonies alleged therein.

5. The juvenile is Sixteen (16) years of age, having been born on January 11, 2005, and the alleged offense was committed after the juvenile became twelve years of age; and,

6. The juvenile is not a proper subject to be dealt with under the provisions of the Juvenile Code.

The Juvenile Court granted the motion to dismiss the juvenile cause of action and certified D.E.D. to be prosecuted as an adult under the general laws of the state.

The Comment to Rule 129.04 explains that "Rule 129.04d follows *Kent v. United States*, 383 U.S. 541 (1966), and *State ex rel. T.J.H. v. Bills*, 504 S.W.2d 76 (Mo. banc 1974), both of which mandate that the court state its reasons for dismissing a petition to permit a juvenile to be prosecuted under general law."

In *Kent*, a sixteen-year-old suspect was apprehended for housebreaking, robbery, and rape in the District of Columbia. 383 U.S. 544. Under the applicable Code, he was subject to the exclusive jurisdiction of the juvenile court. The juvenile court held no hearing and entered an order waiving jurisdiction, reciting that after "'full investigation, I do hereby waive' jurisdiction

of petitioner and directing that he be 'held for trial for (the alleged) offenses under the regular procedure of the U.S. District Court for the District of Columbia.'" *Id*. at 546. The order contained no findings and no reasons for waiver. The suspect was ultimately convicted in adult court of housebreaking and robbery. After an unsuccessful appeal to the United States Court of Appeals for the District of Columbia Circuit, the suspect obtained review by certiorari in the Supreme Court of the United States. The Supreme Court held the juvenile court order waiving jurisdiction was invalid:

> Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not 'assume' that there are adequate reasons, nor may it merely assume that 'full investigation' has been made. Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.

*Id*. at 561.

In *Bills*, the Missouri Supreme Court applied *Kent* as establishing a constitutional "due process requirement that the order of waiver [of juvenile jurisdiction] contain an adequate statement of reasons for the decision of the court." 504 S.W.2d at 80. The *Bills* Court found that the order of waiver, which stated that "'the petitions here . . . be dismissed and that said child T.J.H. be prosecuted under the general law,'" was devoid of any basis for the juvenile court's "critical decision to relinquish jurisdiction over the child." *Id*. at 81. The Missouri Supreme Court noted that:

> [t]he transcript contain[ed] numerous references by the juvenile officer and the deputy to the seriousness of the charges made against the juvenile relating to drugs. However, . . . the fact a charge is serious does not mean it cannot or should not be

9

> handled in juvenile court. . . . We do not know whether the juvenile court acted on the basis that the petition should be dismissed because the charge was a serious one, without more. . . . In short, the record contains many facts, but the order does not fix on any of them or inform the juvenile or a reviewing court of the reasons for dismissal of the petition.

*Id*. at 81-82.

"If the court dismisses the petition to permit the child to be prosecuted under the general law, the court must enter a dismissal order containing particularized findings supporting its decision." *In re T.D.S.*, 643 S.W.3d 510, 520 (Mo. App. E.D. 2021) (citing § 211.071.7). Here, paragraphs 1, 2, 3, 5, and 6 of the Juvenile Court's order do not give any reason for certifying D.E.D. Paragraph 4 recites the offenses allegedly committed by D.E.D. and summarizes the certification hearing provisions of section 211.071. Paragraph 6 is a conclusory statement that D.E.D. was "not a proper subject to be dealt with under the provisions of the Juvenile Code." The defect in *Bills* was the failure of the juvenile court's dismissal order to state the reasons for its ruling, as mandated by the United States Supreme Court in *Kent*, *supra.* The same constitutional defect is found in the Juvenile Court's order in this case and constitutes substantial grounds for believing that the Juvenile Court committed error.

In the first step of plain error review, we must determine whether the Juvenile Court committed an evident, obvious and clear error. *J.N.W.*, 643 S.W.3d at 638. The Missouri Supreme Court has stated that *Kent* elevated to the status of constitutional protection "the right to a statement of the court's reasons for waiving jurisdiction." *Bills*, 504 S.W.2d at 80. Here, as in *Bills*, although "the record contains many facts, . . . the order does not fix on any of them or inform the juvenile or a reviewing court of the reasons for dismissal of the petition." *Id*. at 82. "[W]hen a constitutional right is violated, a circuit court's failure to follow a statute will warrant plain error

10

review." *Williams*, 568 S.W.3d at 412. The absence of such a statement of the Juvenile Court's reasons for waiving jurisdiction is an evident, obvious, and clear error.

The second step of plain error review requires us to determine whether manifest injustice or miscarriage of justice actually resulted from the evident, obvious, and clear error; that is, we must determine whether the absence of a statement of the Juvenile Court's reasons for waiving jurisdiction was so egregious as to weaken the very foundation of the certification process and seriously undermine confidence in the outcome of the case. *J.N.W.*, 643 S.W.3d at 638. In *Bills*, the Missouri Supreme Court held that because the order of waiver did not state the reasons for its ruling, it was ineffective to divest the juvenile court of the exclusive jurisdiction over the juvenile under the juvenile law or to invest the magistrate court with jurisdiction over the juvenile under the general law. 504 S.W.2d at 82. The Missouri Supreme Court, by prohibition, barred the magistrate from exercising jurisdiction over the juvenile and ordered the magistrate to transfer the custody of the juvenile to the juvenile court, which retained exclusive jurisdiction over the juvenile under the juvenile law. *Id*. Here, the Juvenile Court's failure to provide reasons for certifying D.E.D. to be prosecuted as an adult rendered the certification proceeding manifestly unjust and "weaken[s] the very foundation of the process and seriously undermine[s] confidence in the outcome of the case." *Williams*, 568 S.W.3d at 412 (internal quotation marks omitted).

The remedy imposed by the Missouri Supreme Court in *Bills* was to direct the juvenile court to afford the juvenile and the juvenile officer:

> an opportunity to offer additional evidence, if so advised, with regard to whether the child is a proper subject to be dealt with under the juvenile law. The juvenile court shall then, based on all the evidence make findings, in accordance with our decision herein, as to whether said juvenile is a proper subject to be dealt with under the juvenile act and act on the petition accordingly.

11

*Bills*, 504 S.W.2d at 82-83.  We recommend the same upon remand of this matter for further proceedings.

Point granted.

## Conclusion

The Juvenile Court's order granting the Juvenile Officer's motion to dismiss to allow prosecution under general law is vacated and the cause remanded for further proceedings consistent with this opinion.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur.